## BOSTIAN et v CHOLLEY et

Ohio Appeals, 5th Dist, Stark Co

No 1384. Decided October, 1933

Seemann & Seemann, Canton, for plaintiffs in error.

John F. Cholley, Canton, and Curtis M. Shetler, Canton, for defendants in error.

## OPINION

By LEMERT, J.

All of the transfers and contracts set out herein were recorded as shown in the record when this case came to trial in the Court of Common Pleas. The question presented in the court below and presented to this court is whether or not the plaintiff, Arthur L. Bostian, and the defendant, Joseph P. Howenstein, were innocent purchasers and without notice of the existence of said mortgage lien against the premises at the time of purchase, or in other words, whether or not, with the state of the records as they existed at that time, will the law protect Arthur L. Bostian against the interest claimed by Jennie Cholley, under her mortgage covering the premises which he purchased? For the said Bostian to succeed in the claim he makes, he, as purchaser, is bound to show that he was an innocent purchaser, free from any knowledge whatsoever of a prior recorded mortgage and transfer thereof.

We note that the mortgage was recorded back in 1913 and the transfer thereof to M. Stern was recorded in 1914. The plaintiff, therefore, had knowledge that such a mortgage was in existence and from all the records available, it was standing in the name of M. Stern. This was true in June of 1920, when the land contract was entered into to purchase the premises from Joseph M. Bergold. While it is true that in January 1921 there was recorded an instrument which purported to be a release of said mortgage, but this was months after the plaintiff had entered into a land contract to purchase from Bergold. Even though this purported release had been recorded prior to the time he entered into the land contract and even though it was recorded prior to the time he accepted a warranty deed from Mr. Bergold, it seems to us that the purported release in itself, as shown on the records, was a definite warning to him that there was still standing against the premises a valid mortgage and lien which had not been cancelled and which should have put him on his guard and called him to inquire what disposition had been made of said mortgage. This should have been notice to him for the reason that on the face of the instrument it was shown that M. Stern, who was the holder of the mortgage, did not sign the release, and there was nothing to show any lawful authority delegated to anyone else to sign the release.

The purported release was signed by Joseph M. Bergold, who, as the record shows, had previously transferred his interest in this mortgage, and it was also signed "M. Stern by S." The signature on this purported release was notice to Mr. Bostian that Mr. Stern had not released his interest in the mortgage and if Mr. Bostian had made inquiry after seeing this signature, he would have learned that M. Stern had died some five or six years prior to the date of this instrument and that in 1916 his interest had been transferred to another party. Notwithstanding this warning which was on the record, the plaintiff disregarded it and proceeded to accept a warranty deed for the premises. Under such circumstances can it be said that he was an innocent purchaser without notice that a good and valid mortgage against this property was in the hands of another party?

In order that an agent may transfer an interest in real estate, it is necessary that the agent be given such authority by a written instrument signed by the party holding such interest in real estate. There is nothing in the record before us to show that any agent of M. Stern had received such authority. Since Mr. Stern had died five or six years prior to the time that the purported release was executed, he could not have given such authority.

It is a well settled rule that where a person takes a conveyance of real property and is acquainted with facts, when he knew the fact that there is a mortgage standing against the property and such as would raise a doubt in the mind of a man of ordinary prudence not to be satisfied without an investigation that there is an encumbrance of some kind, he is chargeable with notice of the existence of such mortgage.

See 41 Corpus Juris, page 555, §508, wherein this proposition is laid down:

"A person taking a conveyance or mortgage of real property is chargeable with notice of the existence of a prior mortgage or deed or other encumbrance, where, without actually discovering it, he becomes acquainted with .facts pointing to it, such as would raise a doubt in the mind of a man of ordinary prudence, not to be satisfied without an investigation, and where his inquiries, if pursued diligently and in the right quarter, would have led to the' discovery of the true state of the title. This applies not only where the prior charge is recited or referred to in a conveyance in his chain of title, but also where his knowledge of the suspicious circumstances is derived from other than documentary sources or however it. may be acquired. And it is an essential part of the rule that an inquiry, once suggested or started, should be prosecuted with care and diligence. Thus, if the person knows that some paper has been executed which may or may not affect the title to the property, it is his business to find out what it was and what was its effect; and so also, if he knows that there are some liens on the property, he must ascertain how many and what they are."

To the same effect, on the proposition of constructive notice, we find that 41 Corpus Juris, page 554, §506, lays down the following:

"Constructive notice of a prior deed or mortgage will have the same effect as actual notice in postponing to it the rights of a subsequent grantee or encumbrancer taking with such notice, the notice here meant being such as is imputable from an opportunity to acquire knowledge coupled with the duty to seek it in the exercise of a reasonable degree of care and prudence."

From an examination of the record in this case, we are of the opinion that the facts clearly show that the plaintiff herein should have been put on his guard and that a man of ordinary prudence would have made an investigation, and if he had inquired diligently and without much effort would have discovered the state of the title to this property. The same principle of law is well discussed in Jones on Mortgages, Vol. 7, 7th Ed,, §545.

We are of the opinion that the plaintiff herein did not heed the signs and signals seen by him in the records, and this amounted to notice to him. He is, therefore, not an innocent purchaser within the law, and it therefore follows that the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may . be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.